UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| EMMA GUEVARA LIVAS, | § | |
| Plaintiff, | § | |
| v. | § | NO. EP-20-CV-00173-LS |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff appeals the denial of her applications for disability insurance benefits and supplemental security income. The parties consent to my determination of the case under 28 U.S.C. § 636(c) and Appendix C of the Local Court Rules for the Western District of Texas. I **AFFIRM** the Commissioner's decision denying Livas' applications.

### I.    Facts and Proceedings

Livas alleges she became disabled on January 4, 2017[1] because of "Ciatic Nerve pain; thyroid; left knee torn meniscus; stress; depression; cholesterol; [and] gastritis."[2] An Administrative Law Judge ("ALJ") held a hearing on May 7, 2019 and heard testimony from Livas, who was represented by counsel, and a vocational expert ("VE").[3] In an opinion dated June 3, 2019, the ALJ determined that Livas was not disabled within the meaning of the Social Security Act.[4] The Appeals Council denied her request for review on May 12, 2020, making the ALJ's decision

---

[1] R:235.
[2] R:80.
[3] R:32-52.
[4] R:16-24.

the final decision of the Commissioner.[5] Livas argues in this appeal that the ALJ erroneously failed to deem her eye problems, anxiety, and depression "severe."

## II. Discussion

### A. Legal Standards

Judicial review of the Commissioner's decision is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole; and (2) whether the Commissioner applied the proper legal standard.[6] Substantial evidence "is more than a mere scintilla and less than a preponderance."[7] The Commissioner's findings will be upheld if supported by substantial evidence.[8] In evaluating a disability claim, the Commissioner must follow a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe medically determinable physical or mental impairment; (3) the claimant's impairment meets or equals an impairment listed in the appendix to the regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the claimant can perform other relevant work.[9]

Courts utilize four elements of proof to determine whether there is substantial evidence of disability: (1) objective medical evidence; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history.[10] A court cannot, however, reweigh the evidence, try the issues

---

[5] R:1-4.
[6] *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)).
[7] *Hill v. Berryhill*, 718 F. App'x 250, 253-54 (5th Cir. 2018) (quoting *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th 2002)).
[8] *Masterson*, 309 F.3d at 272.
[9] 20 C.F.R. §§ 404.1520, 416.920; *Boyd v. Apfel*, 239 F.3d 698, 704-05 (5th Cir. 2001).
[10] *Perez*, 415 F.3d at 462.

*de novo*, or substitute its judgment for the Commissioner's.[11] The Commissioner, not the courts, must resolve conflicts in the evidence.[12]

### B. Residual Functional Capacity

Residual functional capacity, or RFC, is the most an individual can still do despite his or her limitations.[13] The responsibility to determine a claimant's RFC belongs to the ALJ.[14] The ALJ must consider a claimant's abilities despite his or her physical and mental limitations based on the relevant evidence in the record.[15] The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms.[16] An RFC finding is used to determine if the claimant can still do his or her past jobs.[17] If the claimant cannot, the RFC is then used to determine whether the claimant can do other jobs in the national economy.[18]

### C. The ALJ's Findings

In this case, the ALJ found that Livas' severe impairments were "degenerative disk disease, left knee degenerative joint disease, hypothyroidism, gastritis, and GERD."[19] They were not, however, individually or in combination severe enough to meet or equal an impairment listed in the appendix to the regulations.[20] The ALJ found that Livas could still perform "light work,"[21] with certain limitations.[22] Accordingly, the ALJ found Livas not disabled and not enti-

---

[11] *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).
[12] *Id*.
[13] 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).
[14] *Id*. at §§ 404.1546(c), 416.946(c); *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995).
[15] *Perez*, 415 F.3d at 461-62.
[16] *See* 20 C.F.R. §§ 404.1529(d)(4), 404.1545(a)(2), 416.929(d)(4), 416.945(a)(2).
[17] *Perez*, 415 F.3d at 462; 20 C.F.R. §§ 404.1520(e), 416.920(e).
[18] *Id*.
[19] R:19.
[20] R:20.
[21] R:20-23. "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time

tled to disability insurance benefits or supplemental security income.[23]

### D. Vision

Livas argues that the ALJ erroneously failed to discuss Livas' "impaired vision" in his disability analysis.[24] I note initially that even though this appeal is the first time Livas asserts impaired vision as an ostensible basis for disability, the ALJ nevertheless addressed Livas' vision: "The claimant's medically determinable impairments of …corneal dry eye bilaterally[ ] and vitreous degeneration are only slight abnormalities, which have such a minimal effect on the claimant that they would not be expected to interfere with her ability to work, and are therefore nonsevere."[25]

The record supports this conclusion. Livas claimed in a February 2018 "Function Report" that walking and standing problems, not vision, limited her ability to work.[26] She also reported her main hobbies were reading and watching television.[27] She omitted any reference to vision problems in a subsequent June 2018 "Function Report"[28] and reiterated that her hobbies were reading and watching television.[29] She testified during the hearing that she continues to drive regularly and there are no vision limitations on her driver's license.[30] Finally, doctors recorded that Livas had no eye and/or vision problems during medical examinations in March 2017,[31]

---

with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. §§ 404.1567(b), 416.967(b).
[22] R:20.
[23] R:24.
[24] ECF No. 15, at 3.
[25] R:19.
[26] R:249.
[27] R:253.
[28] R:268.
[29] R:272.
[30] R:41-42.
[31] R:654.

June 2017,[32] July 2017 ("Denies loss of vision"),[33] August 2017,[34] September 2017,[35] October 2017,[36] April 2018 ("Eyes: no vision change."),[37] and June 2018 (no vision change or eye pain).[38] Substantial evidence supports the ALJ's findings regarding Livas' vision.

### E. Anxiety and Depression

Livas also criticizes the ALJ's determination that Livas' anxiety and depression are "slight abnormalities[ ] which have such a minimal effect on the claimant that they would not be expected to interfere with her ability to work, and are therefore nonsevere."[39] In February 2017, Livas reported to Dr. MgBokwere that she had anxiety and depression,[40] but Livas reported to the same doctor no anxiety or depression during subsequent examinations in March 2017,[41] June 2017,[42] and September 2017.[43] In June 2018, Livas reported to Dr. Mgbokwere that she had "no depression, anxiety, sleep disturbance, or recent stress."[44] In April of 2018, Livas reported to Dr. Westbrook "no depression, anxiety, or alcohol abuse,"[45] and in July 2017 Dr. Guerrero also found "no evidence of depression, anxiety[,] or agitation."[46] Substantial evidence supports the ALJ's conclusions about Livas' anxiety and depression during the relevant time period.

### Conclusion

My review of the record reflects that substantial evidence supports the ALJ's decision

---

[32] R:648.
[33] R:576.
[34] R:557.
[35] R:640.
[36] R:548.
[37] R:599.
[38] R:596.
[39] R:19.
[40] R:658.
[41] R:654.
[42] R:648.
[43] R:640.
[44] R:596.
[45] R:599.
[46] R:576.

and there is no legal error.

**AFFIRMED**.

**SIGNED** and **ENTERED** January 4, 2022.

**LEON SCHYDLOWER**
**UNITED STATES MAGISTRATE JUDGE**